IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John D. McClain, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:05-3368-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lance, Inc., a.k.a. Lance Snacks, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  John D. McClain ("McClain") alleges violations of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 ("FMLA"). Lance, Inc. ("Lance") moved for summary judgment on all claims.  In her Report and Recommendation, Magistrate Judge Hendricks recommended granting Lance's motion for summary judgment. McClain filed objections to the Report and Recommendation.  After review and for the reasons below, the court adopts the Report and Recommendation and grants Lance summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

# I. Factual and Procedural History

McClain was an employee of Lance at its facility located in Anderson, South Carolina. (Not. Removal Ex. A (Compl. 3).) McClain contends that he cared for his mother every night because she suffered from a serious health condition, and that Lance was aware of the situation regarding McClain's mother. (Id. Ex. A (Compl. 4).) McClain asserts that in January 2004, Lance required him to stay overnight for several days in Columbia, South Carolina. (Id. Ex. A (Compl. 5).) When McClain informed Lance that he could not stay overnight without advance notice, Lance allegedly told McClain that if he did not stay overnight in Columbia, he would be fired. (Id. Ex. A (Compl. 5).) McClain alleges that Lance subsequently fired him on January 19, 2004, although he had not exceeded the twelve weeks of unpaid leave provided by the FMLA. (Id. Ex. A (Compl. 3, 5.)

# II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed, and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B. FMLA

The Magistrate Judge recommended granting Lance's motion for summary judgment because McClain was not an "eligible employee" as defined in the FMLA and regulations promulgated pursuant to the FLMA. McClain objects to the Magistrate Judge's Report and Recommendation. Specifically, McClain argues that the regulation clarifying the term "eligible employee" should be invalidated because it is contrary to the language of 29 U.S.C. § 2611(4)(A)(i) (1999). This objection is without merit.

"The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent." Chevron, U.S.A., Inc. v. Nat'l Resources Defense Council, Inc., 467 U.S. 837, 843 n.9 (1984). "If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute . . . . Rather . . . the question for the

court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843. Therefore, if Congress has explicitly or implicitly delegated to an agency the authority to "elucidate a specific provision of the statute by regulation[, s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Id. at 844.

The Secretary of Labor has express authority from Congress to prescribe regulations necessary to carry out the FMLA. 29 U.S.C. § 2654 (1999). Therefore, the regulations promulgated by the Secretary of Labor are valid unless "they are arbitrary, capricious, or manifestly contrary to the statute." Chevron, U.S.A., Inc., 467 U.S. at 844. The court finds that the regulation challenged by McClain is not arbitrary, capricious, or manifestly contrary to the statute.

The FMLA entitles an "eligible employee" of a covered "employer" to twelve weeks of leave each year "[i]n order to care for the . . . parent, of the employee, if such . . . parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C) (1999). Thus, in order to fall under the protection of the FMLA, an employee must demonstrate, among other things, that he is employed by a covered "employer" and that he is an "eligible employee" as defined in the FMLA. See Hoge v. Honda of Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004).

The FMLA defines a covered "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i) (1999). Additionally, the FMLA defines "eligible employee" and explicitly excludes from the definition "any employee of an employer who is employed at a

worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii) (1999).  Pursuant to the regulation set forth in 29 C.F.R. § 825.110(f), "[w]hether 50 employees are employed within 75 miles to ascertain an employee's eligibility for FMLA benefits is determined when the employee gives notice of the need for leave."  29 C.F.R. § 825.110(f) (2006).

Lance argues that McClain is not an "eligible employee" as defined in the FMLA and the regulation, because Lance had fewer than 50 employees within 75 miles of the Anderson facility on the day McClain gave notice of his need for leave.  (Def.'s Mem. Opp'n Pl.'s Objections 1.) McClain does not dispute this, but argues that 29 C.F.R. § 825.110(f) is invalid because it is contrary to the FMLA's statutory framework.  (Objections 2-4.)  In support of this argument, McClain asserts that the Secretary of Labor impermissibly voided the FMLA provision defining a covered "employer."  (Id. 3.)  McClain argues that by looking only at a "snapshot" of the number of employees on the day the employee gives notice, the regulation impermissibly contravenes the definition of a covered "employer" which requires the employer to employ more than 50 employees for each working day during twenty (20) or more calendar workweeks in the current or preceding calendar year.  (Id. 3.)

McClain's argument confuses the definitions of a covered "employer" and an "eligible employee" under the FMLA.  Both definitions rely in part on the number of employees employed by the employer.  See 29 U.S.C. §§ 2611(2)(B)(ii) & (4)(A)(i).  Nevertheless, the definitions are separate and distinct in the FMLA.  The FMLA does not indicate that the number of employees for purposes of determining whether one qualifies as an "eligible employee" must

be calculated the same way as the number of employees is calculated for purposes of determining whether an employee is a covered "employer." See 29 U.S.C. § 2601-2654. The regulation is fully consistent with the FMLA's definition of an "eligible employee" and with the purpose of the FMLA provision it clarifies. See Moreau v. Air France, 356 F.3d 942, 945 (9th Cir. 2004) ("[Section 2611(2)(B)(ii)] was designed to accommodate employer concerns about the difficulties that an employer might have in reassigning workers to geographically separate facilities." (internal quotation marks omitted)). Based on the foregoing, McClain's argument that the regulation clarifying the method for calculating the number of employees for purposes of determining whether an employee is an "eligible employee" contravenes the FMLA's definition of a covered "employer" is without merit.

Therefore, it is

**ORDERED** that Lance's motion for summary judgment is granted.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
November 30, 2006